IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| S.E.G.L., | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL NO. 3:26-CV-209-B-BK |
| | § | |
| KRISTI NOEM, ET AL., | § | |
| RESPONDENTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition. Doc. 1. Petitioner, an alien detainee, challenges her detention by Immigration Customs Enforcement (ICE). However, Respondents advise that ICE facilitated Petitioner's voluntary departure from the United States to Venezuela on February 17, 2026, pursuant to the immigration judge's order. Doc. 7. As such, the issue presented in the habeas petition is now moot.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

Here, the habeas petition only sought Petitioner's release from custody. Doc. 1. Since Petitioner is no longer detained and has voluntarily departed from the United States, the sole ground for relief is now moot and this Court lacks jurisdiction to consider the petition.

Therefore, the petition for a writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction as moot.  FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on March 27, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

2